IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

ROAR BEVERAGES, LLC a limited liability
company,

    Plaintiff,

v.

ROYAL CUP, INC., a foreign corporation;
and DEEPAK VASANDANI, an individual,

    Defendants.
_____/

## COMPLAINT

Plaintiff, ROAR BEVERAGES, LLC, by and through its undersigned counsel, sues Defendants ROYAL CUP, INC. and DEEPAK VASANDANI, and alleges:

### NATURE OF ACTION, JURISDICTION, AND VENUE

1. This is a civil action seeking injunctive relief and damages for trademark infringement under false designation of origin the federal common law, under the federal Lanham Act, Title 15, false designation of origin and for declaratory relief under the Declaratory Judgment Act contained in Title 28 of the United States Code and 15 U.S.C. § 1119.

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338(a), in that this action arises under the federal Lanham Act/Trademark Act, 15 U.S.C. §1051 et seq., federal common law, for declaratory judgments under 28 U.S.C. §§ 2201 and 2202 and other federal law.

3. This Court has personal jurisdiction over Defendants, and venue is proper in this judicial district of Florida pursuant to 28 U.S.C. §1391(b)(2) and (3) because Defendants claim to

be doing business in this district, Defendants claim to be selling the infringing product in this district, the injury therefrom is being suffered in this district, Plaintiff's actual and/or prospective business is being harmed and interfered with in this district, and one or more of the Defendants own and maintain websites through which the infringing product is claimed to be sold including in this district, and a substantial part of the events which comprise in this action occurred in this district.

## PARTIES

4. Plaintiff, ROAR BEVERAGES, LLC, (hereinafter "Plaintiff" and "ROAR BEVERAGES" or "Plaintiff") is a limited liability company located at 310 New York Avenue, Huntington, New York 11743.

5. Defendant, ROYAL CUP, INC., (hereinafter "ROYAL CUP") is a foreign business entity with an address listed in public records as: "100 W Tenth St, Wilmington, DE."

6. Defendant, DEEPAK VASANDANI, (hereinafter "VASANDANI") is an individual with an address listed in public records as: "2121 S. Los Angeles Street, Los Angeles, California 90011."  (All Defendants are hereinafter referred to, collectively, as "Defendants").

## GENERAL ALLEGATIONS

7. Plaintiff is a well-established beverage company which advertises, manufactures and distributes beverages throughout the United States in connection with the trademarks **ROAR** and **ROAR PERFORMANCE** in several variations, and with various distinctive graphics, stylized letters and logos ("Plaintiff's ROAR Marks").

8. Plaintiff has been selling beverage products bearing one or more of Plaintiff's ROAR Marks in interstate commerce, at least as early as October 2012, and began promoting and advertising the brand even earlier.

9. Beverage products bearing Plaintiff's ROAR Marks are currently distributed in Florida, Connecticut, New York, New Jersey, Vermont, Virginia, Maryland, Texas, Pennsylvania, Delaware and California.

10. Plaintiff has achieved great success in a short amount of time, examples of which are identified herein, and Plaintiff's ROAR Marks have therefore become the source of enormous goodwill associating Plaintiff as the exclusive source of the products bearing Plaintiff's ROAR Marks.

11. For example, Plaintiff sold over 700,000 units in schools alone, since October 2014, and has current, concrete plans in place to distribute its products in Broward County, Florida, and in other locations within the jurisdiction of this Court.

12. On June 10, 2014, Plaintiff's counsel and affiliate, Philip Klein filed an application for United States Trademark Registration directed to its mark **ROAR PERFORMANCE**, with the United States Patent and Trademark Office ("USPTO") on behalf of Plaintiff. The application was assigned Serial No. 86/305,758 by the USPTO, and is in the process of being assigned directly to Plaintiff.

13. On September 22, 2014, the USPTO issued an Official Office Action initially refusing registration of Plaintiff's mark, citing Defendant ROYAL CUP's prior U.S. Trademark Registration No. 4,188,070 and Defendant VANSANDANI's prior filed U.S. Trademark Application, Serial No. 85/781,205. Plaintiff was harmed by the USPTO's refusal to register, in that it hiders its ability to police Plaintiff's ROAR Marks and otherwise expand.

14. Defendant ROYAL CUP filed U.S. Trademark Application Serial No. 85/421,460 directed to the mark **ROAR** on September 13, 2011 for "coffee and coffee pods" in International Class 030, which matured into U.S. Trademark Registration No. 4,188,070 on August 7, 2012.

15. Defendant VASANDANI filed U.S. Trademark Application, Serial No. 85/781,205 directed to the mark **ROAR** on November, 16, 2012 for "bottled water" in International Class 032, which has not yet matured into a U.S. Trademark Registration.

16. On September 19, 2013, Defendant VASANDANI initiated a Cancellation Proceeding before the USPTO's Trademark Trial and Appeal Board ("TTAB") against Defendant ROYAL CUP, and then withdrew it following some settlement negotiations identified by VASANDANI to the TTAB.  The proceeding was ultimately dismissed without prejudice on January 22, 2014.

17. Upon information and belief, neither Defendant was using their respective marks on or in connection with the goods identified in their respective applications for U.S. Trademark Registration, at the time they filed said applications, or have since abandoned the marks, with the intent not to resume use, or any such uses were "token" uses intended simply to attempt to obtain national rights to the respective marks in the United States, and otherwise obtain federal registration.

18. Defendants' statements regarding their use of their marks in interstate commerce were material, because they were requirements of their applications.

19. Defendants' statements regarding use of their marks were false when made, and Defendants knew or should have known them to be false.

20. The USPTO relied upon these misrepresentations to its detriment, and to the detriment of Plaintiff in allowing such applications registration, and in denying Plaintiff's application for registration of the mark **ROAR PERFORMANCE**.

21. The misrepresentations were made with the specific intent to deceive and with the specific intent that the USPTO and the public rely thereon, and such reliance was customary and reasonable.

22. Each Defendant has either directly engaged in the complained of acts, contributed to same, induced same or acted with knowledge that one or more of the other Defendants would violate one or more of the Plaintiff's rights.

23. The balance of the equities and harm favor preliminary and permanent injunctive relief to enjoin and restrain future acts.

24. Plaintiff has no adequate remedy at law to prevent the complained of acts from continuing in the future.

25. Defendants' acts alleged herein were willful, malicious, knowing, wanton, reckless, and/or grossly negligent.

26. Plaintiff has been forced to retain the undersigned law firms and other attorneys as a direct result of the complained of acts of Defendants, and are obligated to pay them a reasonable fee for their services in connection with this action and any related actions.

**COUNT I**
**DECLARATORY JUDGMENT AS TO PRIORITY OF OWNERSHIP**

27. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1 through 26, as if fully set forth herein.

28. This claim arises under the under 28 U.S.C. §§2201 and 2202 for a declaratory judgment, and under the authority this Court has over trademark registrations stated in the Lanham Act, 15 U.S.C. § 1119.

29. Plaintiff has priority of right to Plaintiff's ROAR Marks for purposes of beverages, and other items within its reasonable zone of expansion.

30. There is an actual and judiciable controversy between Plaintiff and the Defendants as to priority of right to use and register marks containing the term "ROAR" including, without limitation, Plaintiff's ROAR Marks.

31. Plaintiff is in need of declaratory relief from this Court to determine the respective rights of the parties to the marks at issue, so they can adequately prepare for the future.

32. Plaintiff seeks to resolve that dispute in this Court.

## COUNT II
## DECLARATORY JUDGMENT OF ABANDONMENT

33. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1 through 26, as if fully set forth herein.

34. This claim arises under the under 28 U.S.C. §§2201 and 2202 for a declaratory judgment, and under the authority this Court has over trademark registrations stated in the Lanham Act, 15 U.S.C. § 1119.

35. Upon information and belief, neither Defendant was making a bona fide use of its respective ROAR-related mark in interstate commerce at the time each filed its application to register its respective marks in the USPTO. Any such uses were "token" uses, made for the sole purpose of attempting to register trademarks and obtain national rights in the United States.

36. In the alternative, it is believed that, if one or more of the Defendants made a continuous, bona fide use of its ROAR-related mark in interstate commerce, such use has ceased, with the intention not to resume use, and said marks have therefore been abandoned.

37. Plaintiff has priority of right to Plaintiff's ROAR Marks for purposes of beverages, and other items within its reasonable zone of expansion.

38. There is an actual and judiciable controversy between Plaintiff and the Defendants as to priority of right to use and register marks containing the term "ROAR" including, without limitation, Plaintiff's ROAR Marks.

39. Plaintiff is in need of declaratory relief from this Court to determine the respective rights of the parties to the marks at issue, so they can adequately prepare for the future.

40. Plaintiff seeks to resolve that dispute in this Court.

## COUNT III
## FALSE DESIGNATION OF ORIGIN
## LANHAM ACT § 43(a), 15 U.S.C. § 1125 (a)

41. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1 through 26, as if fully set forth herein.

42. This claim arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43. Plaintiff's marks have become uniquely associated with, and thus identify, only Plaintiff. Defendants have knowingly caused their products to enter into interstate commerce in connection with the term "ROAR" in various ways. This use creates is a false designation of origin which is likely to cause confusion, to cause mistake and to deceive as to the affiliation, connection or association of Defendants with Plaintiff, and as to the origin, sponsorship or approval of such goods by Plaintiff.

44. The aforesaid acts, are in violation of §43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. §1125(a), in that Defendants have used in connection with their goods and services a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection, or association of Defendants with Plaintiff and as to the origin, sponsorship, and

approval of Defendants' goods and commercial activities by Plaintiff, , if they in fact made a bona fide use of its marks in interstate commerce.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT

45. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1 through 26, as if fully set forth herein.

46. Defendants' use of the term "ROAR," in various combinations as a trademark constitutes trademark infringement of Plaintiff's ROAR Marks and causes likelihood of confusion, deception and mistake, and causes the purchasing public and the trade to think that Defendants' goods are in some way sponsored, connected, owned or otherwise associated with Plaintiff, in violation of federal common law.

47. As a result of Defendants' use of their ROAR-related marks, Plaintiff's goodwill has been and will be damaged, Plaintiff's application for United States Trademark Registration was denied, and Defendants have wrongfully profited from their imitation and infringement of Plaintiffs' ROAR Marks, if they in fact made a bona fide use of its marks in interstate commerce.

## COUNT V
## WRIT OF MANDAMUS – CANCELLATION
### (As to Defendant ROYAL CUP Only)

48. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1 through 40, as if fully set forth herein.

49. This claim arises under the Lanham Action, 15 U.SC. § 1119.

50. For the reasons stated above, this Court should certify an order to the Director of the Patent and Trademark Office and to the Commissioner of Trademarks at the USPTO, directing her to cancel Defendant ROYAL CUP's U.S. Trademark Registration No. 4,188,070.

**(Alternative to Count V)**

## COUNT VI
## WRIT OF MANDAMUS – FINAL REFUSAL
### (As to Defendant VASANDANI Only)

51. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1 through 40, as if fully set forth herein.

52. This claim arises under the Lanham Action, Title 15, United States Code.

53. For the reasons stated above, this Court should certify an order to the Director of the USPTO and to the Commissioner of Trademarks at the USPTO, directing her to refuse Defendant VASANDANI's U.S. Trademark Application, Serial No. 85/781,205, and to cancel any resulting registration that issues on Defendant VASANDANI's U.S. Trademark Application, Serial No. 85/781,205.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff ROAR BEVERAGES, LLC, respectfully demands judgment against Defendants ROYAL CUP and VASANDANI, jointly and severally, as follows:

I. An order immediately and preliminarily enjoining and restraining during the pendency of this action, and thereafter permanently enjoining and restraining Defendants, their agents, servants, employees, attorneys, parents and subsidiaries, related companies, and all persons acting for, with, by, through or under them, and each of them from:

A. Using the marks, ROAR, ROAR PERFORMANCE or any confusingly similar variations thereof, or any other marks containing the term "ROAR," alone or in combination with other terms, as a trademark, trade name component or otherwise, as a domain name, directory name, or other such computer addresses, and as the name of Defendants' web sites, to market, advertise or identify Defendants' beverage products, or those which are in Plaintiff's reasonable zone of expansion;

B.  Otherwise infringing Plaintiff's ROAR Marks;

C.  Unfairly competing with Plaintiff in any manner whatsoever including, without limitation, use of the term "ROAR," in any manner which creates a false association with which implies a false endorsement by Plaintiff; and from

D.  Causing likelihood of confusion, injury to Plaintiff's business reputation, or dilution of the distinctive quality, trademarks, family of trademarks and or trade dress by any unauthorized use of the same.

II.  An order requiring Defendants to deliver and destroy all devices, computer hardware and software, files, menus, hard drives, servers, diskettes and backups, literature, advertisements, packages, labels, signs, prints, wrappers, receptacles, and all other materials and products in the possession of Defendants bearing Plaintiff's ROAR Marks, or any other mark or item which contains or bears the term "ROAR" in or on it, and all plates, molds, matrices and other means of making the same.

III.  An order requiring Defendants to notify in writing and direct to their internet service provider(s), web host(s) and all publishers of directories or lists, including Internet search engines, in which the Defendants' use of the names and marks employing Plaintiff's ROAR Marks, or any other mark or item which contains or bears the term "ROAR" appear, to delete all references to said names and marks from their public databases, search engine directories, directory assistance and from all future directories in which said names and marks are to appear, and to delete all forwarding or "cache memory" or storage mechanisms referencing names and marks employing Plaintiff's ROAR Marks, or any other mark or item which contains or bears the term "ROAR."

IV. An order requiring Defendants to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the requirements of the injunction and order.

V. A declaratory judgment consisting of judicial declarations that:

A. Defendant ROYAL CUP's U.S. Trademark Registration is invalid, and should be cancelled.

B. Defendant VASANDANI's U.S. Trademark Application, Serial No. 85/781,205 should be finally refused, and that any resulting registration should be cancelled as invalid.

C. Defendant ROYAL CUP abandoned its ROAR mark in connection with beverages and related products and services.

D. Defendant VASANDANI abandoned its ROAR mark in connection with beverages and related products and services.

E. Plaintiff has priority of right to use, and of ownership of Plaintiff's ROAR Marks in connection with beverages and related products and services, over both Defendants.

VI. A certified order and/or decree to the Director of the USPTO and to the Commissioner of Trademarks within directing her to cancel Defendant ROYAL CUP's U.S. Trademark Registration No. 4,188,070.

VII. A certified order and/or decree to the Director of the USPTO and to the Commissioner of Trademarks within directing her to refuse Defendant VASANDANI's U.S. Trademark Application, Serial No. 4,188,070, and to cancel any resulting registration that issues on Defendant VASANDANI's U.S. Trademark Application, Serial No. 85/781,205.

VIII. An order requiring Defendants to account for and pay over to Plaintiff all damages sustained by Plaintiff by reason of Defendants' unlawful acts alleged herein, plus interest thereon, and that such damages be trebled, as provided by law.

IX. An order requiring Defendants to account for and pay over to Plaintiff all profits realized directly or indirectly by Defendants directly or indirectly related to Defendants Products (as defined above) and services, the sales of which have been enhanced directly or indirectly from the Defendants' ROAR Marks or otherwise by reason of Defendants' unlawful acts alleged herein, and that such amounts be trebled pursuant to 15 U.S.C. § 1117(a)(3) or as otherwise provided by law.

X. An enhancement of any monetary award based on profits which this Court, in its discretion, finds just pursuant to 15 U.S.C. §§ 1117, 1118 or as otherwise provided by law.

XI. Reasonable attorneys' fees incurred in this litigation under 15 U.S.C. § 1117, as an "extraordinary" case, or as otherwise provide by law.

XII. Taxable costs and other costs, expenses and disbursements incurred herein.

XIII. Such other and further relief as the Court may deem just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated this 23rd day of March, 2015.

    Respectfully submitted,

    **SANTUCCI PRIORE, P.L.**
    *Attorneys for the Plaintiff*
    200 S. Andrews Avenue
    Suite 100
    Fort Lauderdale, FL 33301
    Telephone: (954) 351-7474

          Facsimile:  (954) 351-7475

     By: s/Michael I. Santucci/
        Michael I. Santucci, Esq.
        Florida Bar No. 0105260
        mis@500law.com